7 So.2d 781

## STREETER v. STATE.

### 4 Div. 712.

Court of Appeals of Alabama.

April, 21, 1942.

J. N. Mullins, of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of burglary, this appeal was taken.

Able and earnest counsel for appellant' predicates his insistences of error principally upon the action of the trial court in refusing to direct the jury to return a verdict in favor of defendant, by declining to give the affirmative charge which was requested by him in writing. The insistence is also made relative to the action of said court in overruling and denying defendant's motion for a new trial.

In support of the foregoing it is contended that the corpus delicti was not proven, rendering inadmissible the introduction in evidence of an alleged confession of the accused.

There appears no necessity for an extended opinion in this case, as this court cannot accord to either of the foregoing propositions.

We are clear to the opinion that the evidence adduced as to the breaking into and entering the building in question, and the larceny of the cotton seed meal therefrom, although circumstantial, was ample to carry the case to the jury, and that the trial judge was not in error in so holding. Alabama Digest, Crim.Law, ☞ 563. Also, as to the alleged confession of the defendant, we are at a loss to understand the insistence that testimony was inadmissible as to such confession as the predicate laid for such evidence was as full and complete as could be made. The probative force and effect of the evidence in this connection, which was in conflict, was also for the determination of the jury.

There was no error in the action of the court in overruling and denying defendant's motion for a new trial.

The record proper appears regular in all respects no error being apparent thereon. No error of a reversible nature appearing in any of the rulings of the court, to which exception was reserved, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.